UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UMEME RAYSOR,

                      Petitioner,

        -against-

UNITED STATES OF AMERICA,

                      Respondent.
-------------------------------------------------------x

**MEMORANDUM AND ORDER**

03-CV-5418 (SLT) (JMA)

**TOWNES, United States District Judge:**

In a one-page letter dated August 18, 2014, counsel for Petitioner Umeme Raysor requests "a one-month period in which to file an amendment to the ineffective assistance of counsel issue raised by Petitioner in his § 2255 Petition." The letter acknowledges that a hearing has already been held on the ineffective assistance issue, that the parties have submitted post-hearing briefing, that Magistrate Judge Azrack has issued a report and recommendation and that Petitioner's objections to the report and recommendation are currently *sub judice*. However, petitioner's counsel states that her "recent review of the file" has led her to "conclude that an amendment to the ineffective assistance of counsel claim is warranted." The letter does not explain why amendment is warranted, but merely requests that "counsel be accorded until September 19, 2014 to file this amendment to the ineffective assistance of counsel claim."

Although counsel docketed her letter as a "First Motion to Amend/Correct/Supplement [Petitioner's] Ineffective Assistance of Counsel" claim, the letter is in the nature of a request to stay these proceedings. "District courts ... ordinarily have authority to issue stays, ... where such a stay would be a proper exercise of discretion." *Rhines v. Weber*, 544 U.S. 269, 276 (2005) (internal citations omitted). The Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA") did not deprive district courts of that authority, although the Supreme Court has noted, in the course of addressing a request to stay proceedings pursuant to 28 U.S.C. § 2254, that AEDPA "does circumscribe" the courts' discretion. *Rhines*, 544 U.S., at 276. As the *Rhines* Court recognized, one of AEDPA's objectives is to eliminate delays in the resolution of federal post-conviction proceedings, and stays frustrate this objective. *See id.*, at 276-77.

Although the holding in *Rhines* may be inapplicable to § 2255 motions, *see Thristino v. United States*, 379 F. Supp. 2d 510, 519 (S.D.N.Y. 2005), *Rhines* implies that stays which frustrate AEDPA's objectives should not be available for the asking. Petitioner's letter in this case, however, contains nothing more than a request for a stay. The letter does not explain what issue petitioner wants to raise in an amended motion, or why that issue could not have been raised sooner. Even assuming this Court has discretion to grant a stay under these circumstances, this Court declines to do so.

## CONCLUSION

For the reasons stated above, petitioner's letter motion dated August 18, 2014, is construed as a request for a stay and that request is denied.

**SO ORDERED.**

S/
/SANDRA L. TOWNES
United States District Judge

Dated: September 16, 2014
      Brooklyn, New York